NO. 4-09-0104            Filed 3/23/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ASHOOR RASHO, | ) | No. 07CF173 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE MYERSCOUGH delivered the opinion of the court:

In November 2008, a jury found defendant, Ashoor Rasho, guilty of aggravated battery. In February 2009, the trial court sentenced defendant to five years' imprisonment. Defendant appeals, arguing the court abused its discretion by denying defendant his right of self-representation at trial. We affirm.

I. BACKGROUND

On August 1, 2007, the State charged defendant by information with one count of aggravated battery (720 ILCS 5/12-4(b)(18) (West 2006) (as amended by Pub. Act 94-243, §5, eff. January, 1, 2006 (2005 Ill. Legis. Serv. 1766 (West)); Pub. Act 94-327, §5, eff. January, 1, 2006 (2005 Ill. Legis. Serv. 2178 (West)); Pub. Act 94-363, §5, eff. July 29, 2005 (2005 Ill. Legis. Serv. 2261 (West)); and Pub. Act 94-482, §5, eff. January, 1, 2006 (2005 Ill. Legis. Serv. 2562 (West)))). The information alleged that on June 4, 2007, defendant, an inmate at the Pontiac Correctional Center (Pontiac), knowingly made physical contact of

an insulting or provoking nature with Dustin Baylor.  Specifically, the information alleged defendant threw a liquid substance upon Baylor, knowing Baylor was a correctional institutional employee and employee of the State of Illinois engaged in the execution of his official duties.

On August 15, 2007, the trial court appointed the public defender to represent defendant.  At the same hearing, defense counsel informed the court he needed to obtain some mental-health records.  The court set the case on the November 2007 trial calendar.

A number of continuances followed.  At the October 17, 2007, pretrial hearing, defense counsel requested a continuance to obtain additional information defendant believed counsel should have.  The matter was set for the January 2008 calendar.

At the December 19, 2007, pretrial hearing, defense counsel informed the court that defendant had given him additional information and counsel needed to obtain additional documentation from the Department of Corrections (DOC).  The court continued the matter to the March 2008 calendar.

On February 25, 2008, defendant filed a pro se motion for the appointment of counsel other than the public defender. In the motion, defendant asserted he was an illiterate, mentally ill prisoner.  Defendant complained that defense counsel did not "file a motion on Pontiac Law Library" as defendant had requested, send defendant copies of all motions filed, and "write to him."

- 2 -

At the March 5, 2008, pretrial hearing, defense counsel asked for a continuance because defendant believed counsel needed to procure additional documents relating to defendant's sanity and fitness and "might have a bearing exactly where he was on certain dates in the penitentiary." The trial court continued the trial to the June jury calendar. The court also denied defendant's pro se motion for appointment of counsel other than the public defender. The court informed defendant he would either have his current counsel or nobody, but it noted that defendant and defense counsel appeared to be getting along better now. Defendant agreed he no longer had a problem with defense counsel. The court directed the clerk to show the motion denied and that defendant was in agreement with that denial.

The March 10, 2008, docket entry indicates the court granted defense counsel permission to employ a private investigator.

At the May 21, 2008, pretrial hearing, defense counsel requested a continuance. Defense counsel informed the court that defendant had made him aware of additional documents defendant believed would be beneficial. Defense counsel explained he had received quite a few pages of records about defendant's sanity. Today, defendant indicated he thought certain medical records would indicate defendant's use of psychotropic drugs during the period in question, which might have altered his thinking. The court granted the continuance and set the case on the August jury calendar.

At the July 23, 2008, pretrial hearing, defense counsel indicated he was not ready for trial. Defendant had given him additional information, including the names of two potential witnesses defendant wanted counsel to interview. Defense counsel had also not received documents he requested from DOC. The State objected to a continuance, noting that defendant had had a long time to get his witnesses. The court noted defense counsel had also been allowed to hire a private investigator. Defense counsel responded that defendant had also raised a question about his sanity. The court granted one more continuance and set the case on the November jury calendar.

At the October 15, 2008, pretrial hearing, defense counsel informed the trial court defendant wanted a continuance. Counsel noted he had received and reviewed defendant's psychiatric records to see if a psychiatric examination was needed. Counsel did not believe such an examination was needed. Defense counsel had also requested certain medical records but received additional psychological records instead. The trial court denied the motion for a continuance. The court kept the case on the November calendar and told parties they would receive a specific trial date the following week.

On November 12, 2008, the trial court called the matter for jury trial. Defense counsel informed the court that defendant indicated to him by letter and also in person that day that defendant did not want defense counsel to represent him and wanted to proceed pro se. Defendant had also advised defense

- 4 -

counsel of several witnesses defendant believed were necessary that counsel had not heard about previously. The court asked defendant how he wanted to proceed.

Defendant informed the trial court that he had filed two motions two weeks earlier. The trial judge stated she did not have any file-stamped copies of any motions. Defendant explained to the court that he filed a "motion to withdraw counsel and go pro se" and a motion for production of medical records he had been trying to obtain. Defendant believed the documents would show that he was on crisis watch and was suffering injuries and could also substantiate his mental-health records, "what I suffer from and why I was doing the things I was doing."

The following exchange occurred between the trial court and defendant:

"THE COURT: Well, let's first deal with your request that you be able to represent yourself. I do not have a written motion filed so the most I can take up would be a motion that you are making on your behalf today. Why is it that you now want to represent yourself?

THE DEFENDANT: Well, the thing is, I mean, I don't know. The reason why I want to represent myself [is] I feel I can do better to address my issues because I've given sig-

- 5 -

nificant times, you know to, to, to my [c]ounsel ***; and, and you even gave him almost what, three months to obtain certain, talk to witnesses; I talked to one of the witnesses the other day, Monday. He says no, nobody came [and] talked to him.

THE COURT: Well, back in March you had requested a different attorney; and that request was denied. There was never any other issue raised until today. Now here we are ready to start a jury trial, and you are telling me you want to represent yourself.

It's a little too late to let you represent yourself today. Your request is not made on a timely basis. There may be strategy decisions that [defense counsel] has made that is part of his job as the public defender; but I cannot, I'm not going to allow you on the day of trial to all of sudden represent yourself. So your request to do that is denied."

Defendant asked about other motions he brought "over here to file." The trial court refused to consider them because defendant was represented by counsel. Defendant again complained about counsel, arguing his counsel had a conflict of interest because defendant was "being represented by somebody appointed by

the State."  When the court reminded defendant that he had asked for a different appointment and that request had been denied, defendant stated, "Okay.  And I'm requesting to go pro se."  The court responded:

"I'm telling you on the day of trial I am not going to entertain a pro se request.  It's too late.  You should have made it a lot sooner.  We were in court on October 15th.  Nothing was said on that date.  We were in court October 23rd."

(The record is unclear as to what occurred on October 23, 2008.)

Defendant continued to complain.  The trial court asked defendant if he wanted to stay in the courtroom for the trial.  Defendant indicated he did not.  The court warned defendant that if he was argumentative and disruptive, he would not be allowed to stay in the courtroom.  The court reminded defendant he had an attorney to assist him, and defendant stated, "I don't want him."  The court responded, "I am not going to allow him to represent himself on the day of trial.  That's a delay tactic; and it's, he's had plenty of opportunities."

Defense counsel then asked for the opportunity to explain, for the record, what happened in the case from his view.  Defense counsel explained that when he met with defendant, defendant first indicated he was not in the cell where the incident occurred.  The court allowed defense counsel to hire a private investigator to examine that claim.  Once defense counsel

- 7 -

received the appropriate records, it appeared defendant had been in that cell. Defendant next indicated his mental-health records should be reviewed. Counsel examined hundreds of pages of those records. Based on those records, counsel decided not to request a formal psychiatric evaluation as to defendant's sanity, although counsel noted defendant "had problems." After discussing that with defendant, defendant next asked counsel to obtain not his mental-health records but his medical records. Defense counsel attempted to do so, but DOC sent more psychiatric records. Counsel also informed the court that in terms of the other witnesses defendant wanted, today was the first day he heard that. Defense counsel did not have any witnesses to call at trial.

The trial court noted the case had been pending for over one year. The court granted defense counsel numerous continuances to gather additional information and a private investigator was hired. The court refused to continue the trial to allow defense counsel time to talk to the witnesses defendant brought to his attention the day of trial.

Defendant attempted to interrupt the trial court. When the court advised defendant it was not his turn to talk, defendant responded:

> "Come on. Let's get out of here, man. I'm
> not going to sit up here and put up with this
> lady's bullshit. Let's go. Come on. Let's
> get out of here, man. I don't give a fuck

about her man.  Get me out of this court-

room."

The court directed that defendant be removed from the courtroom and that the trial would proceed in his absence.  Defendant responded, "This woman's driving me fucking nuts."  The court later noted on the record that the correctional officers from DOC informed her defendant was about to explode in the jury room, and defendant was returned to prison.

The trial proceeded in defendant's absence.  The State presented evidence that defendant threw a substance that smelled and looked like feces on a correctional officer and two nurses who were trying to deliver medication to defendant in his cell. Defense counsel cross-examined the State's witnesses but presented no evidence.  The jury found defendant guilty of aggravated battery.

Defense counsel filed a posttrial motion asserting, among other things, that defendant was entitled to a new trial because the trial court improperly denied defendant's motion to proceed to trial pro se.

On February 11, 2009, the trial court denied the posttrial motion.  The court noted the issue of defendant proceeding pro se was not raised until the day of trial.  Following the sentencing hearing, the court sentenced defendant to five years' imprisonment.

The record does contain a pro se motion to withdraw counsel and "[g]o [p]ro [s]e."  In the motion, defendant com-

plained that defense counsel did not write defendant in a timely manner of "get what [defendant] has request for [sic]." Defendant sought to proceed pro se or be appointed new counsel other than the public defender.

The motion was entered on the handwritten docket sheet immediately after the November 12, 2008, jury trial docket entry. In the record itself, the motion follows a November 13, 2008, order directing DOC to provide certain information to the court-services department for preparation of the presentence investigation report.

The motion to withdraw counsel and proceed pro se is, however, file-stamped October 31, 2008. The certificate of service provides:

> "that on the Oct. 29.08 2008 [sic], [defendant] gave the following motion to [t]his [j]udge and copy [sic] State['s] Attorney of Livingston County on the above day to be heard by this [c]ourt."

On February 19, 2009, defendant filed his notice of appeal.

## II. ANALYSIS

Defendant argues the trial court abused its discretion when it denied him the right to self-representation. "On review, the trial court's decision on a defendant's election to represent himself will be reversed only if the court abused its discretion." People v. Rohlfs, 368 Ill. App. 3d 540, 545, 858 N.E.2d

- 10 -

616, 621 (2006); but see <u>People v. Bowman</u>, 40 Ill. 2d 116, 123, 239 N.E.2d 433, 438 (1968) ("It has been found to be reversible error to refuse a criminal defendant's timely request for self-representation").

Defendant asserts he made a clear and unequivocal request to represent himself but his request was improperly summarily denied by the trial court. Defendant argues the court should have admonished defendant in accordance with Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)). Defendant further argues his request was not untimely because he filed it two weeks before trial and it was not accompanied by a request for additional time to prepare.

A defendant has a right to self-representation in criminal trials under both the United States and Illinois Constitutions. See U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8; <u>Faretta v. California</u>, 422 U.S. 806, 832, 45 L. Ed. 2d 562, 579-80, 95 S. Ct. 2525, 2539-40 (1975); <u>People v. Burton</u>, 184 Ill. 2d 1, 21, 703 N.E.2d 49, 59 (1998). The right is "not absolute and may be forfeited if the defendant engages in serious and obstructionist misconduct, or if he cannot make a knowing and intelligent waiver of counsel." <u>Rohlfs</u>, 368 Ill. App. 3d at 545, 858 N.E.2d at 621.

For a defendant to invoke the right of self-representation, he must knowingly and intelligently relinquish the right to counsel, and the waiver of counsel must be clear and unequivocal, not ambiguous. <u>Burton</u>, 184 Ill. 2d at 21, 703 N.E.2d at 59. A

- 11 -

defendant does not exercise his right of self-representation unless he "'articulately and unmistakably demands to proceed pro se.'" Burton, 184 Ill. 2d at 22, 703 N.E.2d at 59, quoting United States v. Weisz, 718 F.2d 413, 426 (D.C. Cir. 1983). "Courts must 'indulge in every reasonable presumption against waiver' of the right to counsel." Burton, 184 Ill. 2d at 23, 703 N.E.2d at 60, quoting Brewer v. Williams, 430 U.S. 387, 404, 51 L. Ed. 2d 424, 440, 97 S. Ct. 1232, 1242 (1977).

In this case, the trial court apparently did not have defendant's written motion to proceed pro se at the commencement of trial. As noted, the document is file-stamped October 31, 2008. However, the document physically appears in the record on appeal after a November 13, 2008, document and appears on the handwritten docket sheet after the docket entry for the jury trial.

Nonetheless, even assuming the document was actually filed on October 31, 2008, approximately two weeks before trial, the motion did not contain an unequivocal assertion that defendant wanted to proceed pro se. In the body of the motion, defendant asked to proceed pro se or to receive new counsel other than the public defender. Given the language in defendant's motion, defendant's earlier request to obtain new counsel, and the denial of his last motion to continue, his request to proceed pro se was not unequivocal. See, e.g., Rohlfs, 368 Ill. App. 3d at 545, 858 N.E.2d at 621-22 (finding no unequivocal invocation of the right to proceed pro se where the defendant vacillated

between wanting new counsel, wanting to represent himself, and ultimately abandoning his request to proceed to trial pro se; trial court did not abuse its discretion because it appeared the defendant was attempting to "undermine his attorney's professional judgment and to obstruct the orderly prosecution" of the case).

Moreover, defendant's request to proceed pro se on the day of trial was not timely and was accompanied by an implicit motion for a continuance. A request made before trial commences is generally viewed as timely if it is not accompanied by a request for additional time to prepare. People v. Ward, 208 Ill. App. 3d 1073, 1084, 567 N.E.2d 642, 649 (1991), citing 2 W. LaFave & J. Israel, Criminal Procedure §11.5(d), at 47-48 (1984); see also, e.g., People v. Woodruff, 85 Ill. App. 3d 654, 660, 406 N.E.2d 1155, 1160 (1980) (noting that the request to proceed pro se must be timely made; "[a] defendant cannot await the eve of trial and then, hoping for a continuance, announce that he has decided to rely upon his skills rather than counsel's in presenting his defense"); United States v. Johnson, 223 F.3d 665, 668 (7th Cir. 2000) (a motion to proceed pro se filed before the jury is empaneled is timely "unless made for the purpose of delaying or disrupting the trial").

In this case, defendant orally sought to proceed pro se immediately prior to the commencement of trial but also clearly wanted additional time to prepare. Defendant complained that he wanted to procure additional documents and call witnesses who

- 13 -

were not present the day of trial.  The trial court concluded that defendant's attempt to proceed pro se was a delay tactic.  We agree.  On the facts of this case, the court did not abuse its discretion by denying defendant's untimely request, the day of trial, to represent himself.  See Ward, 208 Ill. App. 3d at 1084, 567 N.E.2d at 649 (a trial court may deny a request to proceed pro se when the request comes "so late in the proceedings that to grant it would be disruptive of the orderly schedule of proceedings"); Burton, 184 Ill. 2d at 24, 703 N.E.2d at 60 (noting many courts have held a defendant's request is untimely when made just before the commencement of trial).

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.  As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

TURNER and STEIGMANN, JJ., concur.