# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Woodson*, 2011 IL App (4th) 100223

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SYLVESTER QUINTON WOODSON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4–10–0223 |
| Filed | June 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful possession of a controlled substance with intent to deliver was reversed and the cause was remanded where the trial court abused its discretion in denying defendant's request to proceed *pro se*, since the record showed the trial court applied the wrong standard when defendant's motion to proceed *pro se* was denied on the ground that defendant did not have sufficient legal knowledge and expertise to represent himself. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 08–CF–994; the Hon. Charles G. Reynard, Judge, presiding. |
| Judgment | Reversed for further proceedings. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and John M. McCarthy, all of State Appellate Defender's Office, of Chicago, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Appleton and McCullough concurred in the judgment and opinion.

## OPINION

¶ 1      In August 2008, the State charged defendant, Sylvester Quinton Woodson, with (1) unlawful possession of a controlled substance with intent to deliver (more than 15 grams but less than 100 grams of a substance containing cocaine) (720 ILCS 570/401(a)(2)(A) (West 2008)) and (2) criminal drug conspiracy (720 ILCS 570/405.1(a), 401(c)(2) (West 2008)). Shortly thereafter, the trial court appointed counsel to represent him.

¶ 2      Prior to defendant's July 2009 trial, defendant expressed his desire to proceed *pro se*. The trial court repeatedly denied defendant's requests, noting that defendant did not "have the legal knowledge and ability" to represent himself. Following trial, the jury deadlocked on all counts, and the court declared a mistrial.

¶ 3      The State retried defendant in September 2009. This time, the jury convicted defendant of unlawful possession of a controlled substance with intent to deliver (more than 15 grams but less than 100 grams of a substance containing cocaine) (720 ILCS 570/401(a)(2)(A) (West 2008)).

¶ 4      Defendant appeals, arguing that the trial court erred by denying his request to proceed *pro se*. We agree and reverse and remand for further proceedings.

¶ 5                 I. BACKGROUND

¶ 6      In August 2008, the State charged defendant with (1) unlawful possession of a controlled substance with intent to deliver (more than 15 grams but less than 100 grams of a substance containing cocaine) (720 ILCS 570/401(a)(2)(A) (West 2008)) and (2) criminal drug conspiracy (720 ILCS 570/405.1(a), 401(c)(2) (West 2008)). Shortly thereafter, the trial court appointed the public defender to represent defendant.

¶ 7      On October 1, 2008, the assistant public defender filed a motion to withdraw, stating that

"[d]efendant has failed to cooperate and communicate with legal counsel." At a hearing on the public defender's motion held two days later, defendant demanded a speedy trial. The trial court rejected defendant's demand and granted the public defender's request for a continuance on her motion. That same day, defendant wrote a letter to the trial court, indicating his displeasure with the court's decision to continue the hearing on the public defender's motion to withdraw and claiming that his appointed counsel had frequent contact with felons and "may [have been] using illegal drugs."

¶ 8       On October 17, 2008, defendant appeared at a hearing on his speedy-trial request with a new public defender. Defendant reiterated his demand for a speedy trial, at which point the trial court set a final pretrial-hearing date.

¶ 9       On November 5, 2008, appointed counsel filed a motion for an examination of defendant to determine fitness to stand trial. At a hearing held shortly thereafter, defendant objected to such an evaluation, stating, "I do not need an evaluation, Your Honor. I'm fully aware of everything that's goin[g] on." Despite defendant's objection, the court ordered the fitness evaluation per counsel's request.

¶ 10      On November 24, 2008, defendant sent another letter to the trial court indicating that he wanted to (1) fire his appointed counsel and (2) represent himself. As part of his letter, defendant listed several items he wanted as part of discovery, including access to any audio and video that the State could use against him at trial. (Defendant's case involved a controlled buy of drugs.) That same day, defendant filed a motion to dismiss the charges against him, claiming that he was illegally searched and that he had been entrapped.

¶ 11      At a February 2009 status hearing on defendant's fitness to stand trial, defendant's appointed counsel reported that defendant was fit to stand trial, noting that the forensic-psychiatric-evaluation report showed that defendant "clearly underst[ood] the courtroom dynamic and the roles of the parties." Counsel then withdrew his motion regarding defendant's fitness to stand trial, which the trial court accepted. Defendant then reiterated his desire to proceed *pro se*. The court rejected defendant's request, as follows:

> "THE COURT: That motion is denied. At this point, *** by reference to his written communications, [defendant] has demonstrated to [the court] an insufficient ability to represent himself; and, accordingly, [the court is] not going to allow him to proceed on a *pro se* basis.
>
> In terms of reassignment of counsel, that's going to be entirely up to the Public Defender. At this point, the case is assigned to [the attorney you have], and [the court does not] have any authority to dismiss him.
>
> THE DEFENDANT: Well, um–
>
> THE COURT: That's my ruling.
>
> THE DEFENDANT: But, Your Honor, I don't–
>
> THE COURT: No buts.
>
> THE DEFENDANT: I'm found fit. I don't have to allow him to represent me. We have a conflict of interest. We don't see eye-to-eye. I don't want his representation.
>
> THE COURT: Motion is denied. [The court] hope[s] you heard that. [The court has]

reviewed your correspondence. You do not have the ability to represent yourself, in [the court's] judgment. [Appointed counsel] is your attorney. The only way you get another attorney is by the Public Defender.

THE DEFENDANT: I don't need–I'm not asking for another attorney, Your Honor.

THE COURT: That motion is denied.

THE DEFENDANT: I'm not asking for another attorney.

THE COURT: [The court] know[s]. The only way you'll–

THE DEFENDANT: I will not cooperate with him. I'm not–he's not–I haven't seen him in three months.

THE COURT: That demonstrates to [the court] that you don't have the ability to represent yourself.

THE DEFENDANT: But, Your Honor, the doctor has demonstrated–

THE COURT: The motion is denied.

THE DEFENDANT: The doctor's demonstrated otherwise.

THE COURT: [The court is] sorry. This isn't a fitness question. This has to do with whether or not you have the legal knowledge and ability to represent yourself. You do not."

¶ 12    In April 2009, defendant filed another motion to dismiss appointed counsel. At a May 2009 hearing on defendant's motion, defendant continued to express his displeasure with appointed counsel's failure to inform him about the direction of his case. Defendant asked to be removed from the courtroom, and the trial court obliged. The court then added the following commentary:

"[T]he record ought to reflect that [the court] was a bit upset with [defendant's] attempt to obstruct the proceedings in this case. [The court does] wish to give him one more opportunity in a few minutes to listen to the information which is being discussed, but he is not going to be given leave to try this case on his own behalf when he has a perfectly competent attorney representing him, in lieu of him representing himself, to his great detriment.

[Defendant's] *pro se* motions show *** beyond a shadow of a doubt that he is incapable of guiding his own defense. Let's take a short break while he cools down, and [the court is] going to take [another] case."

¶ 13    Following a short break, defendant returned. The trial court then asked defendant to further explain his motion for substitution of counsel. Defendant responded, in part, as follows:

"Well, You[r] Honor, with all respect, *** it really doesn't matter. You're going to deny it anyway ***. I will not go to trial with this counsel. The [c]ourt continues to make me seem just ignorant and dumbfounded, when I'm not. ***

*** This is my life. I have the right to represent myself in person and by counsel. That is one of my Constitutional Rights, but it's been stricken from me, so I have nothing else to say, your Honor. You can hold the trial without me. I will not come. I'll be in my

cell."

The court thereafter set defendant's case for trial.

¶ 14    After hearing evidence at defendant's July 2009 trial, the jury was deadlocked. Shortly thereafter, the trial court declared a mistrial.

¶ 15    The State retried defendant in September 2009. Following that trial, the jury convicted defendant of unlawful possession of a controlled substance with intent to deliver (more than 15 grams but less than 100 grams of a substance containing cocaine) (720 ILCS 570/401(a)(2)(A) (West 2008)).

¶ 16    This appeal followed.

¶ 17    II. DEFENDANT'S CLAIM THAT THE TRIAL COURT ERRED
BY DENYING HIS REQUEST TO PROCEED *PRO SE*

¶ 18    Defendant argues that the trial court erred by denying his request to proceed *pro se*. Specifically, defendant contends that by rejecting his requests to proceed *pro se*, the court denied him his constitutional right to self-representation, which defendant points out is as "basic and fundamental as his right to be represented by counsel." (Internal quotations marks omitted.) *People v. Silagy*, 101 Ill. 2d 147, 179, 461 N.E.2d 415, 431 (1984). We agree.

¶ 19    A. The Right to Self-Representation and the Standard of Review

¶ 20    A defendant has a constitutional right to self-representation. See *Faretta v. California*, 422 U.S. 806, 834 (1975). In order to exercise that right, the defendant need only knowingly and intelligently relinquish his parallel right to counsel. *Faretta*, 422 U.S. at 835. Whether a defendant has made an intelligent waiver of the right to counsel depends, in each case, "upon the particular facts and circumstances of that case, including the background, experience, and conduct of the accused." *People v. Baez*, 241 Ill. 2d 44, 116, 946 N.E.2d 359, 401 (2011).

¶ 21    We will not reverse the trial court's determination as to whether a defendant has knowingly and intelligently waived his right to counsel absent an abuse of discretion. *Baez*, 241 Ill. 2d at 116, 946 N.E.2d at 401. A court abuses its discretion, however, when it applies the improper legal standard. *Rockford Police Benevolent & Protective Ass'n v. Morrissey*, 398 Ill. App. 3d 145, 154, 925 N.E.2d 1205, 1213 (2010).

¶ 22    B. The Trial Court's Denial of Defendant's Request
To Represent Himself in This Case

¶ 23    Here, the trial court denied defendant's request to proceed *pro se* because it believed that defendant did not "have the legal knowledge and ability" to represent himself. This rationale for denying a defendant his right to self-representation has been repeatedly rejected. Instead, a defendant need only have a full awareness of the nature and consequences of his decision to proceed without counsel. See *People v. Lego*, 168 Ill. 2d 561, 563-64, 660 N.E.2d 971, 973 (1995) (citing *Silagy*, 101 Ill. 2d at 179-80, 461 N.E.2d at 431, and *Illinois v. Allen*, 397

U.S. 337, 350-51 (1970) (Brennan, J., concurring), for the proposition that although it may be unwise for a defendant to proceed without counsel, he may not be denied his right to do so on that basis, given that respect for the individual is the "lifeblood of the law"). The supreme court has recently reiterated this point, as follows: "Although a court may consider a defendant's decision to represent himself unwise, if his decision is freely, knowingly, and intelligently made, it must be accepted." *Baez*, 241 Ill. 2d at 116, 946 N.E.2d at 402.

¶ 24    More than 20 years ago, this court, citing Professors Wayne R. LaFave and Jerold H. Israel, outlined the only three possible grounds for denying a defendant's request to proceed *pro se*.

"First, the request might come so late in the proceedings that to grant it would be disruptive of the orderly schedule of proceedings. We caution, however, that when a request to proceed *pro se* is made and there is no request for additional time to prepare, a motion to proceed *pro se* should generally be viewed as timely as long as it is made before trial. [Citation.]

Second, a trial judge may terminate self-representation by a defendant who engages in serious and obstructionist misconduct ***. While this authority ordinarily would be exercised only after a defendant has begun to represent himself, in exceptional situations, as noted by Professors LaFave and Israel, a defendant's behavior in the course of seeking to obtain self-representation may in itself be disruptive and thereby justify denying his motion to proceed *pro se*. [Citation.] ***

Third, defendant's request for self-representation may be denied when, despite the court's efforts to explain the consequences of waiver, the court finds the defendant is unable to reach the level of appreciation needed for a knowing and intelligent waiver. [Citation.] *We emphasize, however, that this is an inquiry into the defendant's ability to make a knowing and intelligent waiver of his right to counsel; it is not an inquiry into defendant's ability to do an appropriate job defending himself at trial*. " (Emphasis omitted and added.) *People v. Ward*, 208 Ill. App. 3d 1073, 1084, 567 N.E.2d 642, 649 (1991).

¶ 25    Our review of the record shows that in denying defendant's requests to proceed *pro se*, the trial court focused exclusively–and erroneously–on the fact that defendant did not have sufficient legal knowledge and expertise to represent himself. This is precisely the standard that the Supreme Court dispensed with in *Faretta*, as this court noted in *Ward*. Although it is important that a defendant who wants to proceed *pro se* be made aware of the potential pitfalls of self-representation so that he can make his election with his "eyes wide open," such pitfalls may not be the basis for a court to deny the defendant his right to self-representation. See *Ward*, 208 Ill. App. 3d at 1081-82, 567 N.E.2d at 647-48 (setting forth a list of 10 matters that the trial court should address with a defendant to ensure that the defendant's request for self-representation is an intelligent and knowing waiver of his right to counsel).

¶ 26    Accordingly, we conclude that because the trial court applied an improper legal standard, it abused its discretion by denying defendant's request to proceed *pro se*.

## III. THE STATE'S CLAIM THAT DEFENDANT FORFEITED
## HIS RIGHT TO SELF-REPRESENTATION

In closing, we note that the State contends that defendant engaged in "obstructionist conduct" and later "acquiesced" to court-appointed representation prior to his second trial, thereby forfeiting his right to self-representation. We are unpersuaded.

Although it is true that defendant engaged in several contentious exchanges with the trial court related to his attempts to proceed *pro se after* he was denied his right to self-representation, our review of the record does not indicate–nor did the court find–that defendant's repeated requests to proceed *pro se* were sufficient to forfeit his right to self-representation. Moreover, we view as particularly unpersuasive the State's claim that defendant's failure to make a motion to proceed *pro se* prior to his second trial constitutes an acquiescence to appointed counsel. A more accurate interpretation of the record in this case is that defendant overzealously asserted his constitutional right to self-representation when confronted with the court's intransigence on this point and later–albeit begrudgingly–accepted the court's ruling and proceeded to trial with appointed counsel.

## IV. CONCLUSION

For the reasons stated, we reverse the trial court's judgment.

Reversed for further proceedings.