2016 IL App (1st) 132979

FIFTH DIVISION
June 17, 2016

No. 1-13-2979

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12 CR 15022 |
| JEFFREY HUNT, | ) ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Maura Slattery Boyle, Judge Presiding. |

PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.
Justices Gordon and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a jury trial, defendant Jeffrey Hunt, was convicted of burglary and possession of burglary tools pursuant to sections 19-1(a) and 19-2(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/19-1(a), 19-2(a) (West 2012)). Defendant was sentenced as a Class X offender to 11 years' imprisonment for burglary and 6 years' imprisonment for possession of burglary tools, to run concurrently. On appeal, defendant asserts the trial court erred in: (1) denying his unequivocal request to proceed *pro se*; (2) failing to order a behavioral clinical examination; (3) declining to consider his mental health status as a factor in mitigation during sentencing; and (4) assessing certain fees and fines. Because we conclude that defendant unequivocally invoked his

right to self-representation and that the trial court abused its discretion when it denied his request as a delay tactic, we reverse defendant's convictions and remand for retrial.

¶ 2                                    BACKGROUND

¶ 3      On August 29, 2012, defendant was charged by information with burglary and possession of burglary tools based on the July 16, 2012, theft of an automobile stereo from a 2002 Mitsubishi Lancer and being in possession of a screwdriver, a tool suitable for use in breaking into a motor vehicle. That same day, the trial court appointed the public defender to represent defendant and the matter was continued by agreement for discovery. On September 21, 2012, the State indicated discovery was not complete and the matter was again continued by agreement. On October 12, 2012, discovery was complete; however, defendant's case was continued by agreement. On November 1, 2012, the matter was once again continued by agreement to December 4, 2012, for a jury trial.

¶ 4      Initially, on December 4, 2012, defendant requested a private attorney, but did not have a private attorney available that day. The trial court denied his request, indicating that the matter had been set for trial a month ago. Defendant made no further arguments in support of his request. The State then requested the matter be continued to the following day as it had presently filed a motion for proof of other crimes. The matter was continued by agreement.

¶ 5      On December 5, 2012, the State filed a motion *in limine*. The trial court *sua sponte* continued defendant's jury trial to the following week for defense counsel to file a written response to the State's motions.

¶ 6      On December 12, 2012, a substitute judge presided over the courtroom. Defense counsel informed the court that defendant "wants to represent himself" and defendant affirmed this statement. The substitute judge proceeded to extensively admonish defendant pursuant to Illinois

2

Supreme Court Rule 401(a) (eff. July 1, 1984) regarding the consequences of proceeding *pro se*. The substitute judge, however, did not rule on defendant's request, but instead provided defendant "a chance to think about this" and held the matter over for the trial judge to make the determination. The substitute judge also declined to rule on the State's motion for proof of other crimes and continued the matter to December 17, 2012, "when [the trial judge] will be back."

¶ 7     On December 17, 2012, defense counsel informed the trial judge that at the last court date defendant requested to proceed *pro se* and that the substitute judge had held the matter over for her to consider his request. The trial court denied defendant's request stating:

> "THE COURT: This [has] been set numerous times. Put your hand down.
>
> THE DEFENDANT: I'm sorry. I apologize.
>
> THE COURT: This has been set numerous. This is a delay tactic. The court will not allow that. We are going to proceed forward. I will set this for jury trial on January 2nd. So I find–is there something humorous, Mr. Hunt?
>
> THE DEFENDANT: I'm not laughing, Your Honor.
>
> THE COURT: Yeah. I find this is just a gamesmanship that keeps going on. And unless I am here to reign [*sic*] this in, which I am, I'm not going anywhere, then, we are going. You are represented.
>
> Every time we set this, there is not mention. One day I am not here, there is no mention [*sic*]. He is not going to represent himself. I find this is a delay.
>
> [DEFENSE COUNSEL]: If I may, Your Honor.
>
> THE COURT: Yes, ma'am.
>
> [DEFENSE COUNSEL]: May I have the 8th. That way, I can fully commit myself to being here.

THE COURT: Sure.

THE DEFENDANT: Isn't it my right to go *pro se* if I want?

THE COURT: Not at all. I'm glad it's humorous.

THE DEFENDANT: I don't understand.

THE COURT: I don't have to let [an] attorney out of a case and I am not. We have been set previously and there's been no mention of this. All of a sudden when I am not here, this happens in front of another judge.

I find this is a delay tactic. It is set for jury. She is going to represent you. I don't find that there is any reason. This is you playing games and attempting.

THE DEFENDANT: Playing games with my life, Your Honor.

THE COURT: Correct. Correct.

THE DEFENDANT: Ha, ha.

THE COURT: Oh, again humor.

THE DEFENDANT: It's definitely humorous that you think I am going to play games with my life.

THE COURT: Well, because you are. You've never said this before when it's been set for jury. I find this you [*sic*] being a delay tactic. January 8th set for jury. Final."

¶ 8    Defendant's jury trial did not commence on January 8, 2013, as the State could not answer ready due to an eyewitness being unavailable. Thereafter, the matter was continued on numerous occasions for a variety of reasons; scheduling conflicts, plea negotiations, and hearings on pretrial motions. In July of 2013, due to the delay of his trial, defendant filed a *pro se* "motion to dismiss." Defendant subsequently withdrew the motion and the matter was set for trial shortly thereafter. At no time during these subsequent proceedings did defendant renew his request to

represent himself.

¶ 9      On July 30, 2013, the matter proceeded to a jury trial. The State's evidence established the following. On July 16, 2012, at 5:30 p.m. Oscar Franco (Franco) parked his 2002 Mitsubishi Lancer in front of his residence on the 1300 block of West 49th Street. Franco locked the doors to his vehicle, but left the front windows partially open due to the hot temperature. At 6:30 p.m. Roman Guillen (Guillen), Franco's neighbor, was playing outside with his children on West 49th Street approximately 100 feet away from Franco's automobile when he observed defendant enter Franco's vehicle and exit the automobile carrying a plastic bag. Guillen continued to observe defendant as he traveled towards West 50th Street from West 49th Street. At that moment, a police vehicle passed by. Guillen flagged down the officers and informed them of what he had observed. Shortly thereafter, Chicago police officers Robert Vella (Officer Vella) and John Conneely (Officer Conneely) apprehended defendant who was carrying a white plastic bag which contained an automobile stereo within. During a pat-down search of defendant Officer Conneely recovered a screwdriver. Officer Conneely then escorted Guillen to where defendant was being detained. Guillen identified defendant as the individual he observed entering Franco's vehicle and exiting with the plastic bag. Thereafter, Franco identified the stereo as the one that had previously been in his vehicle. Franco and Officer Conneely both testified that they observed scratches and pry marks around the console area of Franco's vehicle where the stereo had been situated. The State rested. Defendant then moved for a directed finding, which was denied. The defense presented no evidence.

¶ 10      After closing arguments and jury instructions, the jury commenced deliberating and ultimately found defendant guilty of burglary and possession of burglary tools.

¶ 11      Thereafter, defendant filed a motion for a new trial, but did not assert that the trial court

erred in denying his request to represent himself. The trial court denied defendant's motion and proceeded to a sentencing hearing. The trial court sentenced defendant as a Class X offender to 11 years' imprisonment for burglary and 6 years' imprisonment for the possession of burglary tools, to run concurrently. This appeal followed.

¶ 12                                         ANALYSIS

¶ 13     On appeal, defendant raises a number of arguments asserting error by the trial court, but we find one matter to be dispositive of the present appeal. That issue concerns the denial of defendant's request to represent himself. Defendant contends the trial court erred in denying his request to proceed *pro se* where he unequivocally expressed his desire to represent himself. Defendant maintains that the trial court's denial of his request was erroneous where the record does not reflect any intention on his part to delay the proceedings. Defendant further argues that the trial court failed to consider whether his request was knowing and intelligent. Defendant asserts that because the trial court failed to balance his fundamental right against the court's interest in efficiency, the trial court abused its discretion. Consequently, defendant requests this court reverse his conviction and remand for a new trial.

¶ 14     In response, the State argues that defendant forfeited this claim because he failed to object at trial and raise it in a posttrial motion. The State further argues that defendant again forfeited plain-error review by failing to argue the issue on appeal. Additionally, the State argues that, in the event we do not consider defendant's argument to be forfeited, the trial court did not abuse its discretion where: (1) the record indicates the matter was set for jury trial multiple times with many last minute delays; (2) the initial request was "made the only time [the trial judge] was not in the courtroom"; and (3) the request was tactically made to delay the trial.

¶ 15     Our review of the record reveals that defendant did not preserve this issue for review.

6

Furthermore, defendant did not object to the denial of his motion nor did he raise this question in his posttrial motion. Accordingly, this issue is forfeited. See *People v. Herron*, 215 Ill. 2d 167, 175 (2005). Defendant, however, did request plain-error review in his reply brief. "[T]he purpose of the plain error rule is to guard against the possibility that an innocent person may have been convicted due to some error which is obvious from the record, but not properly preserved [citation] and to protect and to preserve the integrity and the reputation of the judicial process [citation]." (Internal quotation marks omitted.) *People v. Williams*, 193 Ill. 2d 306, 348 (2000) (considering the defendant's plain-error argument where it was not raised in the opening brief). These considerations also justify our review of defendant's plain-error argument despite his failure to include it in an opening brief. See *id.* Accordingly, as this issue involves a potential structural error, one that affects the entirety of the trial and requires automatic reversal if found, we, therefore, will consider defendant's argument. See *People v. Wrice*, 2012 IL 111860, ¶ 66; *People v. Washington*, 2012 IL 110283, ¶ 59.

¶ 16    As a general rule, a criminal defendant has a constitutional right to represent himself if he makes an unequivocal request to do so. *Faretta v. California*, 422 U.S. 806, 833-36 (1975); *People v. Baez*, 241 Ill. 2d 44, 116 (2011). For a defendant to invoke the right of self-representation, he must knowingly and intelligently relinquish the right to counsel, and the waiver of counsel must be clear and unequivocal, not ambiguous. *People v. Baez*, 241 Ill. 2d 44, 115-16 (2011). The context in which a defendant makes such a request is important, as courts must indulge in every reasonable presumption against the waiver of the right to counsel. *Id.* To determine whether defendant's waiver was clear and unequivocal, a court will look to the overall context of the proceedings, including the defendant's conduct following his request to represent himself. *People v. Mayo*, 198 Ill. 2d 530, 538-39 (2002). The right to self-representation,

however, is not absolute and may be forfeited if the defendant engages in serious and obstructionist misconduct, or if he cannot make a knowing and intelligent waiver of counsel. *People v. Rohlfs*, 368 Ill. App. 3d 540, 545 (2006) (citing *People v. Ward*, 208 Ill. App. 3d 1073, 1084 (1991)). On review, the trial court's decision on a defendant's election to represent himself will be reversed only if the court abused its discretion. *People v. Burton*, 184 Ill. 2d 1, 25 (1998). An abuse of discretion occurs when the court's ruling is arbitrary and without a logical basis. *People v. Fisher*, 407 Ill. App. 3d 585, 589 (2011).

¶ 17   In this case, it is uncontested that defendant unequivocally expressed a desire to represent himself on December 12, 2012, and again on December 17, 2012. The issue is only whether the trial court abused its discretion when it denied defendant's request based on its determination that such a request was simply a delay tactic.

¶ 18   A request to proceed *pro se* may reasonably be rejected where it "come[s] so late in the proceedings that to grant it would be disruptive of the orderly schedule of proceedings" or where a defendant "engages in serious and obstructionist misconduct." (Internal quotation marks omitted.) *People v. Woodson*, 2011 IL App (4th) 100223, ¶ 24; see also *Burton*, 184 Ill. 2d at 24 (and cases cited therein). Yet, a request to proceed *pro se*, which is not accompanied by a request for additional time to prepare, "should generally be viewed as timely as long as it is made before trial." *Ward*, 208 Ill. App. 3d at 1084.

¶ 19   The State asserts the facts of *People v. Rasho*, 398 Ill. App. 3d 1035 (2010), are analogous to the case at bar. We find this argument to be misplaced. In that case, the trial court appointed the public defender to represent the defendant in August of 2007; however, the jury trial did not commence until November 2008. *Id.* at 1036-38. In those 15 months, defense counsel requested five continuances based on the defendant's explicit desire to obtain either

additional information or documentation. *Id.* The trial court entertained these requests until October 2008, when it denied the defendant's motion for a continuance and indicated the matter would remain on the November trial calendar. *Id.* at 1037-38. On November 12, 2008, the matter was called for jury trial. *Id.* at 1038. The defendant's counsel informed the court that the defendant had indicated to him by letter and also in person that defendant did not want defense counsel to represent him and that he wanted to proceed *pro se*. *Id.* The defendant then informed the court that he had filed a written motion two weeks earlier and indicated to the trial court that there were other witnesses that defense counsel had not interviewed. *Id.* Without inquiring whether the defendant knowingly and intelligently waived his right to counsel, the trial court denied the defendant's motion on the basis that it was untimely and a delay tactic. *Id.* After the trial court denied the defendant's request, the defendant insisted that he represent himself. *Id.* at 1039. Despite the trial court's repeated attempts to clarify its ruling that it found the defendant's request to be a delay tactic, the defendant proceeded to complain to the point where he was removed from the courtroom due to the disturbance he was causing. *Id.* at 1039-40. The trial proceeded in the defendant's absence; a jury ultimately found him guilty of aggravated battery. *Id.* at 1040.

¶ 20    On appeal, the defendant argued the trial court abused its discretion when it denied him the right to self-representation. *Id.* Specifically, defendant asserted he made a clear and unequivocal request to represent himself, but the trial court improperly denied that request where he was not properly admonished and his request was not untimely as he had filed it two weeks prior. *Id.* at 1041. The reviewing court upheld the trial court's ruling on two bases: (1) the defendant's motion did not contain an unequivocal assertion he wanted to proceed *pro se* where it requested either to proceed *pro se* or be appointed new counsel; and (2) the defendant's request

was untimely where it was made the day of trial and was accompanied by an implicit motion for a continuance. *Id.* at 1041-42. Although the reviewing court noted that such a request is timely before trial commences if it is not accompanied by a request for additional time to prepare, in reviewing the record, it concluded that defendant "clearly wanted additional time to prepare" as he "complained that he wanted to procure additional documents and call witnesses who were not present the day of trial." *Id.* at 1042. Thus, the *Rasho* court held, "On the facts of this case, the court did not abuse its discretion by denying defendant's untimely request, the day of trial, to represent himself." *Id.*

¶ 21    Upon reviewing the record in this matter, we conclude the trial court abused its discretion when it denied defendant's request to proceed *pro se* as a delay tactic. Initially, we note that the *Rasho* court concluded the defendant's request to proceed *pro se* was not unequivocal. *Id.* at 1041-42. Here, defendant twice made an unequivocal request to represent himself and the State does not argue otherwise. Moreover, unlike in *Rasho*, where defense counsel repeatedly requested continuances based on the defendant's insistence, defendant here never requested the matter be continued. *Id.* at 1036-38. The record reveals that prior to defendant's invocation of his right to self-representation there were six continuances, five of which were by agreement. The last continuance was made on the court's own motion to allow defense counsel an opportunity to prepare a written response to the State's pretrial motion. The record here does not support the trial court's finding that defendant's request was made in order to delay the trial.

¶ 22    Furthermore, we conclude defendant's conduct during the underlying proceedings was not obstructionist. In each instance where defendant was allowed to address the court he did not cause a disruption or disturbance similar to the *Rasho* defendant. See *id.* at 1039-40. Defendant here was never asked to leave the courtroom. The State, however, argues that defendant's

conduct during the December 17, 2012, hearing was tantamount to "taunting" the trial court. We disagree. Once the trial court ruled on his request, defendant only further addressed the court to seek clarification of its ruling. Despite what the trial court may have perceived as humor, the record clearly reflects that defendant's statement to the trial court indicated he was serious and aware of the consequences of the proceedings and at hearings thereafter defendant continued to act appropriately before the court. We further note that although the trial court's perception was that defendant was engaging in "gamesmanship," whether defendant's request to proceed *pro se* was motivated by gamesmanship is not a sufficient basis to deny his fundamental right to self-representation, particularly where his request was not accompanied by a motion to continue the matter. See *Ward*, 208 Ill. App. 3d at 1084.

¶ 23    The State argues the timing of defendant's request is enough to support the trial court's ruling. While the request was made on a day the matter was set for the jury trial, there were still two outstanding pretrial motions which needed to be addressed and the substitute judge continued the matter for the trial judge's determination. Furthermore, it is unclear from the record whether the substitute judge was going to commence the jury trial on that date. On December 17, 2012, defendant renewed his request before the trial judge and it was denied. The matter, however, did not proceed to trial that day and, instead, was continued to January 8, 2013. Moreover, when raising his right to self-representation, defendant's request was never accompanied by a desire for additional time to prepare. In circumstances such as these where defendant did not request a continuance, a request to proceed *pro se* is viewed as timely. See *id.* We further note that defendant's trial did not commence until July of 2013 and that the continuances leading up to the time of trial were also not attributable to defendant.

¶ 24    The State maintains defendant acquiesced to the representation of defense counsel where

he did not renew his request to proceed *pro se* nor did he ever complain about the level of representation he received from the public defender. According to the State, had defendant's request been "legitimate" this issue "would have been raised again."

¶ 25     On this point we find *Woodson* to be instructive. In that case, the defendant forwarded a letter to the court indicating he wanted to discharge his appointed counsel and represent himself. *Woodson*, 2011 IL App (4th) 100223, ¶ 10. At a status hearing, the defendant reiterated his desire to proceed *pro se*. *Id.* ¶ 11. The trial court rejected the defendant's request, finding defendant lacked the legal knowledge and ability to represent himself. *Id.* On appeal, the reviewing court held that the trial court applied an improper legal standard and thus abused its discretion by denying defendant's request. *Id.* ¶ 26. The *Woodson* court further held that defendant did not acquiesce to court-appointed representation by failing to make additional motions to proceed *pro se*. *Id.* ¶ 29. According to the court, the defendant in fact "begrudgingly" accepted the court's ruling and proceeded to trial with appointed counsel. *Id.*

¶ 26     As in *Woodson*, defendant here did not acquiesce to representation by the public defender. A defendant need not futilely request to represent himself. See *Burton*, 184 Ill. 2d at 24, for the proposition that a defendant does "not acquiesce where his request to represent himself was conclusively denied and a renewed request would have been fruitless" (citing *Orazio v. Dugger*, 876 F.2d 1508, 1512 (11th Cir. 1989)). In this case, the trial court conclusively denied defendant's request finding it was a delay tactic due to the fact the matter had been set for a jury trial that day. The matter was subsequently set for a jury trial on January 8, February 5, March 6, April 11, and May 6, 2013. Thereafter, on May 23, 2013, the matter was taken off of the jury call by agreement due to negotiations with the State. Once defendant declined the State's offer the matter was again set for a July jury trial. Thus, based on these facts,

a renewed request on a later date would have been fruitless where the trial court had already definitively indicated it would not grant his request for self-representation on a day the matter was set for trial. See *Burton*, 184 Ill. 2d at 24.

¶ 27    Because the trial court in this case denied defendant his constitutional right to self-representation, we reverse the convictions and remand this case for a new trial. See *Fisher*, 407 Ill. App. 3d at 591. In so holding, we further note that, within the context of the proceedings, we are left with no rationale as to the trial court's denial of defendant's request. In finding defendant's request was a delay tactic, the trial judge did not delineate a basis for this determination. Furthermore, the trial judge did not inquire into why defendant sought to proceed *pro se* nor did she question defendant regarding whether he was displeased with his counsel. Moreover, the trial judge's denial of defendant's right to self-representation was not based on any finding of a knowing and intelligent waiver by defendant. See *Baez*, 241 Ill. 2d at 115-16.

¶ 28    We observe that defendant raised four other issues for our review in this appeal. As these issues will likely be resolved upon retrial, we need not consider them at this juncture. See *People v. Bryant*, 113 Ill. 2d 497, 507 (1986). Additionally, because we are remanding for a new trial, we must consider whether another trial would violate the double-jeopardy clause. "If the evidence presented at the first trial was sufficient for a rational trier of fact to find the essential elements of the crime had been proved beyond a reasonable doubt, no double jeopardy violation is created on retrial." *People v. Seal*, 2015 IL App (4th) 130775, ¶ 33. Defendant does not challenge the sufficiency of the evidence on appeal and we find the record contains sufficient evidence from which a jury could have found defendant guilty of burglary and possession of burglary tools beyond a reasonable doubt. Therefore, no double jeopardy violation will occur upon retrial. See *id.*

¶ 29          CONCLUSION

¶ 30 For the reasons stated above, we reverse the judgment of the trial court and remand this case for a new trial.

¶ 31 Reversed and remanded.